IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN LEDDY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CROSSMARK, INC. | : | NO. 13-422 |

# O R D E R

AND NOW, this 27th day of June, 2013, after considering the briefing and oral argument on the rule to show cause why this action should not be transferred, and plaintiff's motion for equitable tolling and defendant's response thereto, it appearing that:

a.  Plaintiff was a member of a proposed class in an action previously before this court, *Postiglione v. CROSSMARK, Inc.*, No. 11-960 (E.D. Pa.). The plaintiffs in *Postiglione* asked the court to certify a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. *See Postiglione v. CROSSMARK, Inc.*, No. 11-960, 2012 WL 5829793, at *1 (E.D. Pa. Nov. 15, 2012). The putative class members were retail representatives of defendant who alleged that they were denied overtime pay in violation of the FLSA because defendant allegedly had policies against paying retail representatives for three categories of time worked, i.e.: (1) that retail representatives were not paid for time spent performing administrative tasks at home in the mornings and evenings, including time spent loading and unloading their cars; (2) retail representatives were not paid for time spent driving to their first work location and from their last work location of the day; and (3) retail representatives were not paid for all of the time spent working at the retail locations, but only for a pre-set "budgeted" time. *Id.* at *1-2. The court found that the putative class members were not similarly situated within the meaning of the collective action provision of the FLSA. *Id.* at *6-8. The court found that the *Postiglione* plaintiffs had not proffered evidence of a national policy, but that any alleged unlawful policies were imposed by individual regional supervisors. *Id.* The court denied certification of a collective action and dismissed without prejudice all plaintiffs except for the first named plaintiff, James Postiglione, as improperly joined under Federal Rule of Civil Procedure 20. *Id.* at *9.

b.  Following this court's ruling in *Postiglione*, forty-eight of the putative class members filed individual actions in this court alleging similar violations of the FLSA. This action is one of those forty-eight related actions.[1] Because none of the forty-eight plaintiffs reside in this district and because their claims apparently arose elsewhere, the court issued a rule to show cause why this action and the related actions should not be transferred pursuant to 28 U.S.C. § 1404(a).

c.  A district court may transfer an action " [f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The Court of Appeals has identified factors that

---

[1] This court has since dismissed *Postiglione* for lack of prosecution because of James Postiglione's failure to obey the court's pre-trial orders.

courts commonly consider in deciding to transfer an action under § 1404(a):

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995) (citations omitted).

d. Plaintiff prefers to pursue this action in this district; defendant supports transfer. This claim, and the claims in all of the related cases before this court, arose elsewhere. This court decided in *Postiglione* that the merit of the claims in this and the related actions likely depends on the actions and policies of the plaintiffs' individual supervisors, who worked out of their home-offices around the country. No plaintiff in this or the related actions resides in this district or performed his or her at-home work in this district. The witnesses that will likely be called in this action include plaintiff's regional supervisors and co-workers whose work was managed by the same regional supervisors. No relevant books or records are located in this district. The convenience of counsel is not a factor to be considered. *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973).

e. Defendant does business nationwide and any judgment will be enforceable in plaintiff's home district. Plaintiff argues that the litigation will proceed more expeditiously and inexpensively if this and the related actions are tried before the same court. However, this court has already ruled that these actions do not share common facts that will make consolidation appropriate or efficient; the merit of the claims likely depends on the policies promulgated by plaintiffs' individual supervisors. There is a local interest that this action be decided in plaintiff's home district. Trying this and the forty-eight related cases in this district will result in undue congestion in this court.

f. Because none of the related actions involves claims arising in this district and because consolidation of the actions in a single district will not result in increased efficiency, the plaintiff's preference to litigate in this court is the only factor weighing against transfer. The action is more appropriately transferred to plaintiff's home district where there is a local interest in this litigation, and which will be more convenient for the witnesses.

    g.    Plaintiff has filed a motion to equitably toll the statute of limitations. Plaintiff asks that this court apply equitable tolling from the time that plaintiff joined the *Postiglione* action. Defendant has conceded, and this court agrees, that equitable tolling is unnecessary for the period while *Postiglione* was pending. The law provides that for the purposes of the statute of limitations, a claimant's action is commenced on the day when a complaint is filed, if the claimant is named as a plaintiff in the complaint, or on the day when his written consent to participate in a collective action was filed with the court. 29 U.S.C. § 256. From the day that plaintiff joined *Postiglione* until class certification was denied and plaintiff was dismissed from that action, the statute of limitations was tolled. Equitable tolling is not necessary for that period. However, once class certification was denied and plaintiff was dismissed from *Postiglione*, the statute of limitations began to run once again. The court does not express an opinion on the whether equitable tolling would be appropriate from that date until plaintiff filed the complaint in this action. The question of equitable tolling is more appropriately decided by the court in which this action will be tried.

It is therefore **ORDERED** that:

    1. This action is **TRANSFERRED** to the United States District Court for the Northern District of Georgia.

    2. The motion for equitable tolling (paper no. 11) is **DENIED** without prejudice to renewal before the transferee court.

    3. The Clerk of Court is directed to transmit the record in this action, together with a copy of this Order, to the Clerk of the United States District Court for the Northern District of Georgia.

    /s/ Norma L. Shapiro

    J.